# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

## UNITED STATES OF AMERICA

**v.**                                          **Case No. 8:24-cr-61-TPB-AEP**

## NATHANIEL MCALPINE

_____/

## SENTENCING MEMORANDUM

Nathaniel McAlpine, through his attorney under Fed. R. Crim. P. 32, submits his sentencing memorandum supporting a 120-month sentence. Mr. McAlpine asks this Court to adequately consider his history and characteristics under 18 U.S.C. § 3553(a)(1), and a three-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1. A 120-month sentence would be sufficient but not greater than necessary to satisfy the factors under 18 U.S.C. § 3553, deter this offender and protect the public from further harm.

## Nathaniel McAlpine

Nathaniel was abandoned by his biological parents and adopted by his parents, Robert Gubbi and Katherina McAlpine. Shortly after, Nathaniel was again abandoned, but this time by his adoptive father. His mother received no

1

financial support from his adoptive father. Nathaniel grew up in a one-parent household. His mother homeschooled him and kept him away from other children, stunting his social interactions. With no paternal support, his mother did the best she could to provide Nathaniel a loving, learning environment, however, due to financial hardships, they moved a lot, making it harder for Nathaniel to make friends and build connections.

As an adult, Nathaniel moved to Florida but kept a close relationship with his adoptive mother. He began a relationship from which three children were borne. His children are all adults now with their own lives to live. When he got out of prison, Nathaniel worked hard to mend his relationship with his children, however, upon his violation, he lost all connection to them. While he understands that it may be hard, he hopes that one day he can mend his relationship with his children. At around 30 years old, Nathaniel was made aware of the identity of his birth mother and siblings. He stayed connected with his newly found family but was too late to meet his biological mother as she had passed, taking with her answers to many questions.

Even though Nathaniel has had a difficult upbringing and has struggled throughout his life, he has maintained a positive attitude towards the future. He looks forward to one day reuniting with his children, his siblings, and his girlfriend.

## Imposition of a 120-month sentence

On September 24, 2025, Mr. McAlpine was found guilty by a jury of his peers on the charged offense. Before his trial, Mr. McAlpine tried to plead guilty in front of Judge Porcelli, which was cancelled due to inadequacies of the notice of max penalties. Furthermore, Mr. McAlpine tried to plead via a conditional plea, but it was denied by the government. The facts of this case are unlike any seen nor addressed by the Eleventh Circuit.

Mr. McAlpine was a casualty of a scam. The scammers used Mr. McAlpine's sexual paraphilia to keep him engaged and take his money under false pretense. Unlike other cases in which sexual offenders pursue conversations with children or adults solely to have access to the child, Mr. McAlpine did not. Mr. McAlpine interacted with an adult for adult purposes only. It wasn't until after that individual learned of Mr. McAlpine's sexual paraphilia that Mr. McAlpine began to openly explore that fantasy. As much as Mr. McAlpine tried to disengage from that conversation, the scammer would bring it up again to obtain money. Unfortunately for Mr. McAlpine, he paid with much more than that.

At the time of this offense, Mr. McAlpine was on supervised release. He had been on supervised release since 2016. While on supervised release, he

followed instructions and rarely, if ever, gave his probation officer a hard time. Mr. McAlpine successfully completed the active phase of the sex offender treatment program. He held the same job since his release in 2016 and had been promoted to management quickly. Even after serving time for his violation, Mr. McAlpine was welcomed back for his managerial position at the restaurant. He was working on his relationship with his children, taking time out to spend with them and reconnect.

Mr. McAlpine sought companionship online and violated his condition of not accessing the internet without permission. He has served his time for that violation. Mr. McAlpine realizes that his impulse to seek connections with other adults online led him to where he is today. Still, he hopes that this Court sees him as the human that he is, that he has taken responsibility for his actions, that he has worked on his sexual paraphilias and will continue to do so, and be a productive member of society and impose a 120-month sentence.

DATED this 2nd day of July 2026.

**CHARLES L. PRITCHARD, JR.**
**FEDERAL DEFENDER**

*/s/ Yamilette Alvarez*
Florida Bar No. 1018448
Assistant Federal Defender
400 N. Tampa Street, Suite 2700
Tampa, Florida 33602

4

Telephone: (813) 228-2715
Facsimile: (813) 228-2562
E-mail: yamilette_alvarez@fd.org

## CERTIFICATE OF SERVICE

I HEARBY CERTIFY that on July 2, 2026, a copy of the foregoing was

provided through the CM/ECF system to the Clerk of the Court, which will

send a notice of the electronic filing to:

AUSA Courtney Derry

*/s/ Yamilette Alvarez*
Yamilette Alvarez, Esq.
Assistant Federal Defender